634 JENKINS *et al. v.* COHEN.

LEWIS JENKINS *et al.*

*v.*

WOLF COHEN.

*Filed at Ottawa October 31, 1891.*

NEW TRIAL—*on the evidence.* In case of a conflict in the evidence in a suit in chancery, the chancellor hearing the witnesses testify is better able to determine who told the truth than this court, and a decree will not be disturbed by this court which finds there was a contract between the parties, and its terms, notwithstanding a conflict in the evidence, if there be enough to justify the finding.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. L. S. HODGES, for the appellants.

Mr. HENRY C. NOYES, for the appellee.

Per CURIAM: This was a bill in equity, brought by Wolf Cohen, against Lewis Jenkins and others, for the purpose of correcting an alleged mistake in a deed. It appears that in the spring of 1886 Wolf Cohen was engaged in the dry goods business on Halsted street, Chicago. He published a notice in a Chicago paper that he desired to exchange his stock of goods for a farm. One Covert, a real estate broker, answered the notice, and offered, on behalf of Lewis Jenkins, to trade a farm in Jasper county, Indiana, for the goods. Jenkins valued his farm of three-hundred and twenty acres at $30 per acre. It was represented to Covert that two hundred acres of the farm was under fence, seventy acres was plowed, with two houses thereon, and the soil a rich loam. The land was encumbered by a mortgage of some $2500, given to a man named Dobson. After some negotiations a trade was made, in which the stock of goods, worth from $7000 to $8000, was traded for the farm in Jasper county, Indiana, Jenkins paying

Cohen $1800 cash, and the farm was taken by Cohen subject to the mortgage. It turned out, after the trade was made, that only ten acres of the land was enclosed, soil sand ridge and sand flats in the enclosure, while the remainder was wet, with sandy soil covered with brush. The land was worth not to exceed $3.50 per acre. Cohen could neither read nor write, and when he received the deed for the Indiana farm, he supposed, as he testified, that the land was conveyed subject to the mortgage, but after he had held the deed a few weeks he called upon a friend to read it, and upon examination it turned out that the deed contained a clause under which Cohen assumed and agreed to pay the mortgage. This bill was filed to reform the deed and eliminate therefrom the clause binding Cohen to assume and pay the mortgage. On the hearing the court rendered a decree in favor of complainant, as prayed for in the bill.

On the hearing, Cohen testified that he never agreed to assume and pay the mortgage, but that the contract was that the Indiana land was to be conveyed to him subject to the mortgage, and he was sustained by two other witnesses. On the other hand, Jenkins testified that Cohen was to assume and pay the mortgage, and that the deed correctly expressed the contract of the parties, and there was some evidence tending to corroborate his testimony. The witnesses all appeared and testified in open court before the chancellor. The chancellor saw the witnesses and heard them testify, and was better able to determine who told the truth than we are by merely reading the evidence of the witnesses from the record. Under such circumstances, where the evidence is conflicting, as it is here, we are not inclined to disturb the decree. What the contract was is purely a question of fact, and while the evidence produced upon that question is conflicting, still we think there is enough in the record to sustain the decree.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*